UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JERRY BROWN,**

       **Plaintiff,**

v.                                                                                         **Case No: 6:22-cv-36-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

**ORDER**

This cause comes before the Court on Plaintiff's Notice of Voluntary Dismissal (the "Notice") (Doc. 31), filed December 22, 2022. Because Defendant has already served an Answer (Doc. 20) and the Notice is not signed by all parties who have appeared in this action, the Notice is not self-effectuating. *See* Fed. R. Civ. P. 41(a)(1)(A); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277–78 (11th Cir. 2012) (stating that stipulations filed under Rule 41(a)(1)(A)(i) and (ii) are self-executing and dismiss the case effective upon filing).

However, Rule 41(a)(2) provides that an action may be dismissed by court order at the Plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, Plaintiff has indicated he is pursuing a new application for Social Security disability. (Doc. 28.) Therefore, the Court finds that it is proper to dismiss the case.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(2), it is **ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close the file.

**DONE** and **ORDERED** in Orlando, Florida on January 4, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE